475 F.2d 185
 Manon FREEMAN, Individually and InBehalf of All Others
Similarly Situated, Plaintiff-Appellant,
v.
T. M. PARHAM, Director of the Georgia Department of Family
and Children Services et al., Defendants-Appellees.
 No. 72-2213.
 United States Court of Appeals,
Fifth Circuit.
 March 13, 1973.
 
 Jay E. Loeb, Michael H. Terry, Edward L. Baety, Atlanta, Ga., for plaintiff-appellant.
 Arthur K. Bolton, Atty. Gen., Atlanta, Ga., John W. Stokes, U. S. Atty., Mrs. Charney K. Berger, Asst. U. S. Atty., Atlanta, Ga., Harold N. Hill, Jr. Executive Asst. Atty. Gen., James B. Talley, Carl C. Jones, Asst. Attys. Gen., Atlanta, Ga., for defendants-appellees.
 Before BELL and THORNBERRY, Circuit Judges and GROOMS, District Judge.
 BELL, Circuit Judge:
 
 
 1
 The sole question on this appeal is whether certain provisions of Title XIX of the Social Security Act, 42 U.S.C.A. Sec. 1396 et seq., require the State of Georgia to provide Medicaid to a class of persons who are currently ineligible for Medicaid under Georgia law. The district court held that the statute does not require the state to provide Medicaid to these persons. We affirm.
 
 
 2
 In 1970 appellant applied for public assistance under the Georgia program of aid to the disabled. The State Department of Family and Children Services found him to be medically disabled and certified him for assistance. The Department also certified him for Medicaid. This was in accordance with the general terms of the Georgia Medicaid program. Under the Georgia plan, a person who qualifies for public assistance under other federally funded state programs also qualifies for Medicaid.
 
 
 3
 The appellant's problems began when he was found to be eligible for Social Security Disability Benefits. These amounted to $116.90 per month. This new income exceeded the maintenance level of $97.00 per month, which determined the appellant's eligibility for assistance under the aid to the disabled program. The Department of Family and Children Services terminated his assistance under that program. Further, the Department terminated his Medicaid benefits. Because he was no longer eligible for aid to the disabled, he was no longer eligible for Medicaid, under the Georgia plan.
 
 
 4
 Appellant took an administrative appeal. He argued that his monthly income under Social Security, reduced by his monthly medical expenses, was below the $97.00 maintenance level.[1] The Department rejected this argument. It found that the cost of monthly medical expenses was not deductible from gross monthly income for the purpose of determining eligibility for Medicaid.
 
 
 5
 Appellant then brought this class action under 42 U.S.C.A. Sec. 1983. He alleged that the Department of Family and Children Services had denied him Medicaid benefits to which he was entitled under federal statute. He relied, specifically, on the "spenddown" provision of Title XIX. 42 U.S.C.A. Sec. 1396a(a)(17). That provision provides in pertinent part:
 
 
 6
 "A State plan for medical assistance must . . . include reasonable standards . . . and provide for flexibility in the application of such standards with respect to income by taking into account, except to the extent prescribed by the Secretary the costs (whether in the form of insurance premiums or otherwise) incurred for medical care or . . . remedial care recognized under State law."
 
 
 7
 The appellant maintained that under this provision his monthly medical expenses should have been taken into account in determining his eligibility for Medicaid. He maintained that he was eligible for Medicaid because his monthly income, less his monthly medical expenses, was below the $97.00 eligibility level. As noted, the district court denied relief.
 
 
 8
 The appeal is controlled by Fullington v. Shea, 320 F.Supp. 500 (1970), aff'd without opinion, 1971, 404 U.S. 963, 92 S.Ct. 345, 30 L.Ed.2d 282. In that case the plaintiffs were, as here, persons who were ineligible for Medicaid because their gross incomes were too high, but who suffered recurrent medical expenses which reduced their incomes below the eligibility level. They relied upon the spenddown provision as the basis of their claim.
 
 
 9
 The Fullington court held, first, that under 42 U.S.C.A. Sec. 1396a(a)(10)(B), the states are not required to provide Medicaid to persons who fail to qualify for other federally funded assistance programs due to their gross incomes being too high. The court held, second, on an in pari materia approach, that if the states are not required to provide Medicaid to such persons, the spenddown provision could not be read to require effectively the same result, even in the case of ineligible individuals whose high monthly incomes, less recurrent medical expenses, are below the eligibility level.
 
 
 10
 Appellant attempts to distinguish Fullington, on the ground that the holding is limited to the proposition that the state is not required to establish a program for the "medically needy" under Sec. 1396a(a)(10)(B).[2] He argues that he does not wish to establish a program for the medically needy. He merely wishes the state to implement the spenddown provision.
 
 
 11
 This distinction is not persuasive. In Fullington the court refused to give effect to the "spenddown" provision. It did so precisely because it held that under Sec. 1396a(a)(10)(B), the state is not required to extend Medicaid benefits to the class of persons who do not qualify for other assistance programs because their gross incomes are too high. In the court's view, the plaintiffs before it, who invoked the spenddown provision, were members of that class (the medically needy). Accordingly, they were not entitled to Medicaid as of right.
 
 
 12
 Thus, it is true that the Fullington court held that the state is not required to institute a Medicaid program for the medically needy. But it is also true that this was the basis of its holding that the spenddown provision is without effect where a state has not elected to cover the medically needy.
 
 
 13
 Affirmed.
 
 
 
 [1]
 The $116.90 in Social Security benefits, minus $50.00 in medical expenses, equals $66.90, which is below the eligibility level of $97.00. Appellant suffers from diabetes and hypertension. His disease can be controlled with proper medication, at an average cost of $50.00 per month
 
 
 [2]
 The "medically needy" are persons who do not qualify for other federally funded assistance programs because, and only because, their incomes and financial resources do not satisfy state-imposed requirements