CATHERINE MATHEWS vs. COMMISSIONER OF PUBLIC WELFARE
(and a companion case[1]).

Middlesex.  January 9, 1985. — April 9, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN & O'CONNOR, JJ.

*Public Welfare*, Medical assistance benefits. *Medicaid*.

Where, at the time the Department of Public Welfare denied the plaintiffs'
application for Federal medical assistance benefits based on its determi-
nation that the plaintiffs' combined personal resources of $4,045.99
were in excess of the $3,000 allowed a family of two persons, the
plaintiffs had incurred $21,000 in medical expenses, the department
should have utilized a "resource spend down" to offset the plaintiffs'
excess resources against their incurred medical expenses in determining
their eligibility for benefits. [480-481]

CIVIL ACTIONS commenced in the Superior Court Department
on April 5 and October 27, 1982, respectively.

The cases were heard by *John L. Murphy, Jr.*, J., on a
motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Lauren P. Curry* for the plaintiffs.

*Kim E. Murdock*, Assistant Attorney General, for the defend-
ant.

NOLAN, J. The plaintiffs, Catherine and Patrick Mathews,
request that we vacate the Superior Court's judgments and
order the Department of Public Welfare (department) to award

_____

[1] Patrick Mathews & another vs. Commissioner of Public Welfare. This
companion case concerns the plaintiffs' appeal from the department's deci-
sion on a reapplication for medical assistance (MA) benefits. Both cases
concern the denial of retroactive MA benefits for the same time frame. We
resolve these cases on the applicability of a resource spend down. We,
therefore, need not decide the merits of the various other issues raised in
this appeal.

appropriate medical assistance (MA) benefits.[2] On November
30, 1981, Cambridge Hospital (hospital) filed an application
with the department for MA benefits on behalf of Mrs.
Mathews. See G. L. c. 118E, § 8. The hospital requested
coverage retroactive to November 9, 1981, the date of Mrs.
Mathews's admission. The department denied this application
based on its determination that the plaintiffs owned excess
resources. A family of two may retain $3,000 in resources.
See G. L. c. 118E, § 10 (3); 106 Code Mass. Regs. § 505.110
(1983). The plaintiffs had combined personal resources of
$4,045.99 ($2,131 in a joint account and the remaining as cash
surrender value on two life insurance policies).[3] At the time
of the department's determination, the plaintiffs had incurred
$21,000 in medical expenses. The department did not utilize
a "resource spend down" in determining eligibility. See *Haley*
v. *Commissioner of Public Welfare, ante* 466 (1985). A depart-
ment appeals referee affirmed the denial of MA benefits. The
plaintiff sought judicial review pursuant to G. L. c. 30A and
G. L. c. 18, § 16. The Superior Court dismissed the plaintiffs'
complaint on a motion for summary judgment.

A resource spend down would require the department to
offset the plaintiffs' excess resources against incurred medical
expenses. In *Haley* v. *Commissioner of Pub. Welfare, supra*
at 467-468, we examined the propriety of the department's
determination of MA benefits eligibility absent a resource spend
down. We held that, where Title XIX, 42 U.S.C. §§ 1396-
1396p (1982), does not preclude utilization of a resource spend
down and G. L. c. 118E, § 10 (3), requires the department,
in determining eligibility, to exempt a certain amount of an
applicant's resources and neither take into consideration nor
apply such resources to the payment or part payment available
under G. L. c. 118E, the department is required to use a re-

---

[2] See *Haley* v. *Commissioner of Pub. Welfare, ante* 466, 467-468 (1985),
for a description of the MA benefits program.

[3] We note that the department violated its regulations when it failed to
advise the plaintiffs of the possibility of adjusting the face value of the life
insurance so as to become eligible. See 106 Code Mass. Regs.
§ 505.160(E)(1) (1983).

source spend down. This appeal is governed entirely by our decision in *Haley, supra.*

The judgments are reversed and the cases remanded to the Superior Court for action consistent with this opinion.

*So ordered.*