Elsie GANDENBERG, et al., Plaintiffs,

v.

Patricia BARRY, et al., Defendants.

Civ. No. C–1–86–704.

United States District Court,
S.D. Ohio, W.D.

June 2, 1988.

Janet Pecquet, Gregory French, Cincinnati, Ohio, for plaintiffs.

Arthur Wright, Asst. Atty. Gen., Columbus, Ohio, Thomas Deye, Asst. Pros. Atty., Donetta Wiethe, Asst. U.S. Atty., Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon plaintiff's class action complaint requesting declaratory and injunctive relief against defendant Otis Bowen, Secretary of Health and Human Services (HHS) in claims II and III of the amended class action complaint. (Doc. No. 27). The parties have agreed to submit this matter to the Court upon cross motions for summary judgment without oral hearing. Accordingly, this Court has carefully examined the exhaustive memoranda and documents which the parties have filed on the question of class certification and also on the merits of the claims. (Doc. Nos. 20, 22, 23, 37, 42, 45, 46).

Therefore in accordance with Federal Rule of Civil Procedure 52, the Court does set forth its Findings of Fact, Opinion and Conclusions of Law.

### Findings of Fact

1. Named plaintiff, Elsie Gandenberg, now deceased, has been dismissed from this action by order of the Court April 1, 1988 (Doc. No. 50).

2. Plaintiff Cleo McHugh, 79 years old, is a resident of Hamilton County, Ohio. Pursuant to Fed.R.Civ.P. 17(c), her neighbor, Dave Westerich brings this action as her next friend due to her medical and mental condition. (Doc. No. 27) Plaintiff McHugh applied as an individual for Medicaid. On plaintiff's August 29, 1984 Medicaid application, plaintiff listed a balance due Westpark Nursing Home of $4,403.80 for care rendered June and July of 1984. As of June 1984 plaintiff indicated on her application, non exempt resources of $2,468.58. On December 17, 1985 plaintiff was provided coverage for July 1984 but denied coverage for June, 1984 due to a bank balance above $1,500 (excess resources) for that period.

3. Plaintiff Ester Simpson, 83 years old, is a resident of Hamilton County, Ohio. Plaintiff Simpson and her spouse applied for Medicaid as a couple. On plaintiff's June 12, 1985 Medicaid application, she listed a balance due Maple Knoll Nursing Home of $3,684.60 for care rendered May, 1985. On June 30, 1985 plaintiff Simpson indicated on her application, non exempt resources of $2,468.58. On September 20, 1985 plaintiff was notified that Medicaid for June 1985 was denied because of excess resources for that period.

4. Defendant Otis Bowen, Secretary of the Department of Health and Human Services, pursuant to 42 U.S.C. § 1396, is responsible for the establishment of standards for the eligibility requirements and benefit levels within the statutory framework of the Medicaid program 42 U.S.C. § 1396 *et seq.* and is also responsible for administrating the Medicaid program in conjunction with participating states pursuant to 42 U.S.C. § 1396 *et seq.*

5. 42 U.S.C. § 1396a(a)(17) provides:

A State plan for medical assistance must:

... includ[e] reasonable standards for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with objectives of this subchapter, (B) provide for taking into account only such income and resources as are, as deter-

mined in accordance with standards prescribed by the Secretary, available to the applicant or recipient and as would not be aid, assistance, or benefits, (C) provided for reasonable evaluation of any such income or resources, and (D) do not take into account the financial responsibility of any individual for any applicant or recipient of assistance under the plan unless such applicant or recipient is such individual's spouse or such individual's child who is under age 21 or is blind or permanently and totally disabled, or is blind or disabled as defined in section 1382c of this title and provided for flexibility in the application of such standards with respect to income by taking into account, extent prescribed by the Secretary, the costs incurred for medical care or for any other type of remedial care recognized under State law.

6. O.A.C. 5101:1–39–05(A) Titled Resource Requirement provides:

There are certain restrictions of value placed upon an applicant/recipient's resources in medicaid. There is an overall maximum placed upon total nonexempt resources, which is termed the resource limitation. In addition, there are certain sublimits placed upon different forms of resources. The value of a resource which exceeds its sublimit is applied as countable resources toward the overall resource limitation. Some types of resources are totally exempt from consideration. Those resources that are considered exempt are not applied against the resource limitation. Those resources that are considered nonexempt must be counted against the resource limitation. If certain items owned by the individual/couple are of a reasonable value, they are considered exempt. All other resource items of those items whose value exceeds the reasonable limits are considered nonexempt, countable resources.

7. O.A.C. 5101:1–39–05(A)(7) provides:

The "resource limitation" is the overall maximum value placed upon an applicant/recipient's total countable resources. For an individual, the resource limitation is *one thousand five hundred dollars.* For a couple, whether both are eligible or one is ineligible, the resource limitation is *two thousand two hundred fifty dollars.*

*Opinion*

The Medicaid program, established in 1965 as Title XIX of the Social Security Act (ACT) 79 Stat. 343, as amended 42 U.S.C. § 1396 *et seq.* is a co-operative federal/state cost-sharing program "providing federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons". *Harris v. McRae,* 448 U.S. 297, 301, 100 S.Ct. 2671, 2680, 65 L.Ed.2d 784 (1980). Each participating State develops a plan containing "reasonable standards for determining eligibility for and the extent of medical assistance" 42 U.S.C. § 1396a(a)(17). An individual is entitled to Medicaid if he fulfills the criteria eastablished by the State in which he lives. *Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). There are two sets of eligible persons; the categorically needy and the medically needy.

The "categorically needy" are persons eligible for cash assistance under two federal programs: Aid to Families with Dependent Children (AFDC), § 601 *et seq.,* and Supplementary Security Income (SSI) § 1381 et seq.[1] Participating states *must*

1. Congress created SSI in 1972, Pub.L. No. 92–603, 86 Stat. 1465, to replace three existing categorical assistance programs—Old Age Assistance, § 301 et seq. (1970 ed.); Aid to the Blind, § 1201 et seq.; and aid to the Permanently and Totally Disabled, § 1351 et seq. These programs, together with AFDC, had previously been state-administered with state eligibility standards. SSI, however, was a federally administered program with a federal eligibility standard that was often much easier to meet than the prior state standard. Since eligibility for SSI confers automatic eligibility for Medicaid, Congress was concerned that the less restrictive federal standard would dramatically increase the states' share of Medicaid costs. See *Schweiker v. Gray Panthers,* 435 U.S. 34, 38, 101 S.Ct. 2633, 2637, 69 L.Ed.2d 460 (1981). To meet the problem, Congress allowed states to elect to retain their more restrictive pre-1. 72 eligibility standards for determining whether

provide Medicaid coverage to the categorically needy. § 1396a(a)(10)(A). The "medically needy" are persons who meet nonfinancial eligibility requirements for cash assistance under AFDC or SSI, but whose income or resources, exceed the financial eligibility standards of the applicable program. Although States are not required to institute a Medicaid program, plans must comply with the requirements imposed by the Act itself and by the Secretary of Health and Human Services. *Id.* see § 1396a. Participating states may *at their option* provide Medicaid coverage to the medically needy. § 1396a(a)(10)(C).

In this action plaintiffs challenge the federal regulations for determining eligibility for and the extent of medical assistance under SSI as well as the notice and comments period for these eligibility determinations pursuant to 42 U.S.C. § 1396a(a)(17)(B).

## A. CLASS CERTIFICATION

█ Plaintiff has moved that this matter be certified as a class action pursuant to Fed.R. of Civ.P. 23(a) and (b)(2). The proposed class would consist of all Ohio Medicaid applicants and recipients who either have or will be awarded Medicaid without being notified of any right or deadline to appeal the Medicaid effective date or who would have been or will be eligible if incurred expenses were deducted from their countable resources.

Without expressing an opinion on whether the requirements of Rule 23 have been met, the Court holds that class certification is inappropriate in this case. To the extent [if] granted, the declaratory and injunctive relief requested by plaintiffs would automatically accrue to the benefit of others similarly situated, and therefore, "no useful purpose would be served by permitting this case to proceed as a class action". *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684, 686 (6th Cir.1976) *aff'd* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Snider v. Creasy,* 548 F.Supp.

601 (S.D.Ohio 1982) *aff'd* 728 F.2d 369 (6th Cir.1984); *Elam v. Barry,* 656 F.Supp. 140 (S.D.Ohio 1986) *reversed on other grounds,* 841 F.2d 1297 (1988). Accordingly, plaintiff's motion for class certification is hereby DENIED.

## B. RESOURCE SPEND DOWN PROVISION

Under the amended Social Security Act 42 U.S.C. § 1396a, States could elect to provide Medicaid assistance only to those individuals who would have been eligible under that State's Medicaid plan which was in effect January 1, 1972. *Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981). Depending on the type of SSI coverage a participating State chose to offer, it either pursued an option as an "SSI state" or a "§ 209(b) state". Ohio is a "§ 209(b)" State O.R.C. § 5111.02, *Turner v. Heckler,* 573 F.Supp. 867 (S.D.Ohio 1983), *reversed on other grounds,* 783 F.2d 657 (6th Cir.1985).

Under the 209(b) option, states were permitted to have *more restrictive* plans than the standards under SSI. *Id. Williams v. St. Clair,* 610 F.2d 1244 (5th Cir.1980). (Emphasis added). Furthermore, states exercising the § 209(b) option were required to adopt a "spend down" provision. *Schweiker, supra.* According to the provision, persons who are eligible for SSI but whose *income* exceeds the more restrictive state standard could become eligible for medicaid when that part of his *income* in excess of the standard is consumed by expenses for medical care thereby satisfying the respective state eligibility limitations. *Schweiker, Supra* at N.5, N.15. See 42 C.F.R. § 435.1(d)(2) and (3).

Pursuant to the State Medicaid program currently enacted in Ohio, a resource limitation of one thousand five hundred ($1,500.00) exists for an individual and two thousand two hundred fifty dollars ($2,250.00) for a couple whether both are eligible or one is eligible. O.A.C. 5101:1–39–05(A)(7); Finding of Fact 2. These

new SSI recipients qualified for Medicaid. This election became known as the "§ 209(b) op-

tion."

standards therefore enable persons to deduct incurred medical expenses from *income* to qualify for an appropriate resource limitation of the categorically needy.

In addition to providing assistance to those eligible for SSI (categorically needy), the States may also provide Medicaid benefits to "the medically needy"; those individuals whose *income* or *resources* exceed the SSI eligibility standards but who would be eligible if their medical expenses were deducted from their *income.* 42 U.S.C. § 1396a(a)(10), 1396a(a)(17)(D), 1396a(f). See 42 C.F.R. § 435.300. There are also methods of determining eligibility of the medically needy solely on the basis of resources. See 42 C.F.R. 435.840. However Ohio does not provide such assistance to the medically needy and therefore such eligibility requirements are inapplicable.

Despite this plaintiffs argue that 42 U.S.C. § 1396a(a)(17)(B) and (C) requires defendant Otis Bowen to permit plaintiffs to deduct plaintiff's incurred medical expenses from their non exempt resources for Medicaid eligibility purposes. (Doc. No. 42).

■ 42 U.S.C. § 1396a(a)(10) provides that if medical assistance is provided for the "medically needy", definite requirements must be observed by such states.[2] *Fullington v. Shea,* 320 F.Supp. 500 (D.Colo.1970) *aff'd without opinion,* 404 U.S. 963, 92 S.Ct. 345, 30 L.Ed.2d 282 (1971). Yet it is clear that coverage of the medically needy is optional with the states. *Id.* The state of Ohio has chosen not to recognize this option but instead to exclude the medically indigent from a Medicaid program. *See Freeman v. Parham,* 475 F.2d 185 (5th Cir.1973).

This Court has considered and is not persuaded by the cases that plaintiff relies upon; *Haley v. Commissioner of Public Welfare,* 394 Mass. 466, 476 N.E.2d 572 (1985); *Mathews v. Commissioner of Public Welfare,* 394 Mass. 479, 476 N.E.2d 213

(1985); *Hession v. Illinois Department of Public Aid,* 163 Ill.App.3d 553, 114 Ill.Dec. 665, 667–69, 516 N.E.2d 820, 822–24 (1987); *Foley v. Coler,* No. 83–C–4736 (N.D.Ill. 1986) (slip op.). Those respective states, Massachusetts and Illinois, have opted to provide benefits to the medically needy. *Haley v. Commissioner of Public Welfare,* 394 Mass at 468, 476 N.E.2d at 574; *Foley v. Coler,* slip opinion at 2. Accordingly those states must implement the "same methodology" of eligibility requirements for the categorically and medically needy. *Atkins v. Rivera,* 477 U.S. 154, 106 S.Ct. 2456, 91 L.Ed.2d 131 (1985) See 42 U.S.C. § 1902(a)(10)(B)(i), *DeJesus v. Perales,* 770 F.2d 316 (2d Cir.1985), *cert. denied* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). Since the State of Ohio does not provide assistance to the medically needy, such cases are inapplicable to Ohio. Accordingly defendant Bowen is not required to permit plaintiffs to deduct incurred medical expenses from nonexempt resources pursuant to "medically needy" eligibility requirements.

Plaintiffs pursue an argument that Defendant Bowen permitted states like Ohio to have a resource spend down prior to August 1980 under the authority of 42 U.S.C. § 1396a(a)(17). Plaintiffs further submit that pursuant to Medicaid Action Transmittal No. 80–58 this resource spend down option was unlawfully removed. (Doc. No. 42).

Conversely defendants submit that Medicaid Action Transmittal 80–58 was issued to correct an erroneous preprint plan permitting states to have a resources spend down in their *medically needy* programs. Since Ohio did not have a medically needy program in 1980, nor one today the action transmittal is inapplicable and moot in regard to this cause of action (Doc. No. 45).

This Court notes that plaintiffs concede that Ohio has never used a resource spend down prior to August of 1980 (Doc. No. 46). Further this Court acknowledges that Ohio

---

**2.** Inclusion of the medically indigent aged not on the cash assistance rolls would be *optional* with the states but if they are included ... a State plan to be approved must include provisions for medical assistance to all individuals receiving aid [under state categorical assistance programs] ... It is only *if* this group is provided for that states may include medical assistance to the less needy. § 1396a (Leg. history, Senate Report) See Fullington, supra.

does not recognize such a provision today. Clearly the AT transmittal has not affected the medicaid provisions established in the state of Ohio.

Furthermore, this Court notes that courts must exhibit particular deference to the Secretary's position with respect to legislation as intricate as Title XIX. *DeJesus v. Perales,* 770 F.2d 316 (2d Cir.1985), *cert. denied* 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986). *See Connecticut Department of Income Maintenance v. Heckler,* 471 U.S. 524, 105 S.Ct. 2210, 85 L.Ed.2d 577 (1985). As Congress has entrusted to the Secretary, rather than to the courts, the primary responsibility for interpreting statutory terms. *Schweiker v. Gray Panther, supra; Batterton v. Francis,* 432 U.S. 416, 97 S.Ct. 2399, 53 L.Ed.2d 448 (1977); *See Chevron U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Without reaching the merits of plaintiffs third claim for relief claim, this Court finds such a claim is inappropriate.

### Conclusions of Law

1. This Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 2201, § 2202 and 28 U.S.C. § 1331.

2. Class certification is inappropriate in this case since disposition of this matter will automatically affect others similarly situated. *Craft v. Memphis Light, Gas and Water Division,* 534 F.2d 684, 686 (6th Cir.1976) *aff'd* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Snider v. Creasy,* 548 F.Supp. 601 (S.D.Ohio 1982) *aff'd* 728 F.2d 369 (6th Cir.1984); *Elam v. Barry,* 656 F.Supp. 140 (S.D.Ohio 1986) *revsd. on other grounds,* 841 F.2d 1297 (1988).

3. A state participating under the cooperative state/federal SSI Medicaid plan may at its option invoke medicaid assistance to the "medically needy". *Fullington v. Shea,* 320 F.Supp. 500 (D.Colo.1970) *aff'd without opinion,* 404 U.S. 963, 92 S.Ct. 345, 30 L.Ed.2d 282 (1971); *Freeman v. Parham,* 475 F.2d 185 (5th Cir.1973).

4. Defendant Bowen is not required to permit plaintiffs to deduct incurred medical expenses from nonexempt resources pursuant to medically needy eligibility requirements.

5. Since Ohio does not provide for the medically needy under the program, the action transmittal at issue is inapplicable to the present cause of action.

In accordance with the foregoing, plaintiffs' motion for summary judgment as to claims II and III of the amended complaint is hereby DENIED and defendant Bowen's motion for summary judgment as to claims II and III of the amended complaint is hereby GRANTED.

IT IS SO ORDERED.